UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SRP ENVIRONMENTAL LLC | CIVIL ACTION NO. 23-0776 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COVE HOUSE CONDOMINIUM ASSOCIATION | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are two Motions to Dismiss filed by Defendant Patricia Abbott ("Abbott") and Cove House Condominium Association ("Cove House"). See Record Documents 53 & 56. Both motions seek dismissal of Plaintiff SRP Environmental LLC's ("SRP") Amended Complaint based on lack of personal jurisdiction and, in the alternative, for failure to state a claim. SRP opposes both motions. See Record Documents 55 & 59. Abbott and Cove House both replied. See Record Documents 58 & 60. For the reasons assigned herein, both Motions to Dismiss (Record Documents 53 & 56) are **GRANTED**.

**BACKGROUND**

This dispute arises out of Cove House and/or Abbott's alleged failures to pay for industrial hygiene, moisture mapping, and clearance testing services performed on Cove House's properties in Freeport, Grand Bahama (the "Properties"). In 2016, Cove House's Properties sustained damage as a result of Hurricane Matthew. See Record Document 47 at ¶ 7. In November 2016, the vice-chairperson of Cove House's Board of Directors, Abbott, placed a call to an SRP representative who was physically present in Louisiana.[1]

---

[1] One of the parties' main disputes is whether Abbott reached out to an SRP representative while they were physically present in Louisiana or if she did not have any contact with the SRP representative until she was physically present in the Bahamas. On

See id. at ¶¶ 3, 7. That representative provided Abbott "with an overview of how SRP performed its services" and Cove House, through Abbott, "informally retained SRP." Id. at ¶ 7.

As a result of that contact, SRP representatives traveled to the Bahamas, where a Service Agreement was signed (the "Contract"). See Record Document 47 at ¶¶ 9-10; see also Record Document 1-1 (Contract). "Between November 30, 2016, and January 6, 2017, SRP performed industrial hygiene services, moisture mapping and reporting, sampling, protocol development, [and] clearance testing" on Cove House's Properties. Id. at ¶ 21. SRP submitted two invoices to Cove House for the work performed. See id. at ¶¶ 24-25. As of June 9, 2023, SRP had not received any payment on either invoice. See id. at ¶ 29.

On June 9, 2023, SRP filed suit against Cove House in the United States District Court for the Western District of Louisiana for breach of contract, and for unjust enrichment/*quantum meruit*. See Record Document 1. On August 26, 2024, SRP filed an Amended Complaint,[2] which joined Abbott as a defendant. See Record Document 47. The Amended Complaint added a breach of contract claim against Abbott and added a claim of detrimental reliance against Cove House and/or Abbott. See id. On March 6, 2023, Abbott filed a Motion to Dismiss. See Record Document 53. SRP opposed the

---

a motion to dismiss for lack of personal jurisdiction, the Court takes the uncontroverted facts in the Complaint as true and resolves factual disputes in the plaintiff's favor. See Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990).

[2] On September 27, 2023, Cove House filed a Motion to Dismiss for Lack of Personal Jurisdiction. See Record Document 8. Thereafter, the Court allowed limited discovery on the issue of personal jurisdiction. See Record Document 23. In light of the limited discovery on personal jurisdiction, and the Amended Complaint, the Court denied without prejudice Cove House's first Motion to Dismiss. See Record Document 52.

motion, and Abbott replied. See Record Documents 55 & 58. On March 20, 2025, Cove House filed a Motion to Dismiss. See Record Document 56. SRP opposed the motion and Cove House replied. See Record Documents 59 & 60.

In their motions, both Abbott and Cove House contend that this Court cannot exercise specific jurisdiction over them because they did not have minimum contacts with Louisiana. In opposition, SRP argues it made a prima facie showing of specific jurisdiction over Abbott, and Cove House through Abbott as its representative. Specifically, SRP argues that the relevant contacts include: (1) a Skype call from Abbott to an SRP representative in Louisiana to initiate communications and enter preliminary contract negotiations; (2) partial performance of the Contract in Louisiana through clerical work conducted by SRP; and (3) the Contract's choice-of-law provision.

## LAW AND ANALYSIS

### I.    Legal Standard

A motion pursuant to Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citations omitted). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie case for personal jurisdiction. See Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241 (5th Cir. 2008).

"Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the

facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990) (quoting D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 546 (5th Cir. 1985)). In consideration of the motion, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985).

Under Fifth Circuit precedent, personal jurisdiction over a defendant exists if the state's long-arm statute extends to the defendant and the exercise of such jurisdiction is consistent with due process. See Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008). The Louisiana long arm statute extends as far as is permitted by due process. See Patin v. Thoroughbred Power Boats Inc., 294 F.3d 640 (5th Cir. 2002). The exercise of personal jurisdiction over a defendant comports with due process only if (1) the defendant has purposefully availed itself of the benefits and protection of Louisiana by establishing "minimum contacts" with Louisiana, and (2) the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. See Allred v. Moore & Peterson, 117 F.3d 278, 285 (5th Cir. 1997).

A defendant may be subject to either "general jurisdiction" or "specific jurisdiction." See Ford v. Mentor Worldwide, LLC, 2 F. Supp. 3d 898, 903 (E.D. La. 2014). General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state, even when the cause of action has no relation to those contacts. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984). "The Fifth Circuit has characterized the 'continuous and systematic contacts' test as a 'difficult

4

one to meet.'" Ford, 2 F. Supp. 3d at 903 (citing Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008)).

Specific jurisdiction exists where a nonresident defendant "has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" Panda Brandywine Corp. v. Potomac Elec. Power Co., 253 F.3d 865, 868 (5th Cir. 2001) (quoting Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000)). "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.3d 415, 419 (5th Cir. 1993) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). The Fifth Circuit has formulated a three-step analysis for specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006) (citation omitted).

## II. Analysis

### A. Personal Jurisdiction Over Abbott

The parties dispute whether Abbott had minimum contacts with Louisiana such that this Court can exercise specific jurisdiction over Abbott for the purposes of SRP's contract-based claims.[3] See Record Documents 53 & 55. When examining a contract-based claim for minimum contacts, "only those acts which relate to the formation of the

---

[3] SRP does not contend that the Court has general jurisdiction over Abbott.

5

contract and the subsequent breach are relevant." Trois v. Apple Tree Auction Ctr., Inc, 882 F.3d 485, 489 (5th Cir. 2018) (quoting Religious Tech. Ctr. v. Liebreich, 339 F.3d 369 (5th Cir. 2003)). The Fifth Circuit has explained that a "touchstone" of courts' analysis of specific jurisdiction over contract claims should be the "place of contractual performance." Sayers Constr., L.L.C. v. Timberline Constr., Inc., 976 F.3d 570, 573 (5th Cir. 2020). "[M]ailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish . . . minimum contacts . . . ." Id. (quoting Freudensprung v. Offshore Tech. Servs., Inc., 379 F.3d 327, 344 (5th Cir. 2004).

SRP argues that there are three main contacts between Abbott and Louisiana that are sufficient to satisfy the personal jurisdiction inquiry: (1) a Skype call made by Abbott to an SRP representative in Louisiana to initiate and negotiate the Contract; (2) Abbott's knowledge that clerical work necessary under the Contract would be performed in Louisiana; and (3) the Contract's choice-of-law provision, which designates that the Contract should be interpreted in light of Louisiana law.[4] The Court addresses each argument in turn.

---

[4] The Court observes that SRP also makes a broader argument that this Court has specific jurisdiction over Abbott because if Abbott had not reached out to SRP to form a business relationship, the Contract would not have existed and the alleged harm would not have occurred. See Record Document 55 at 18. This broad argument is clearly unsupported by case law, which requires more than a finding that the defendant merely contributed to the existence of some contract that caused harm.

6

### i. Skype Call from Abbott to SRP

The parties' briefings are largely focused on the factual dispute over when and whether Abbott initiated a Skype call to an SRP representative in Louisiana and, if so, whether negotiations took place during that call. SRP argues that Abbot reached out to it over a Skype phone call, which is why Sampson traveled to the Bahamas. See Record Document 55 at 11-13. By contrast, Abbott maintains that SRP was contacted by another company (not Cove House), which is why SRP initiated travel to the Bahamas, where they ultimately met with Abbott. See Record Document 53-1 at 9-10. But this factual dispute has little bearing on the Court's analysis. On a Rule 12(b)(2) motion, the Court resolves the factual dispute in SRP's favor, thereby assuming that Abbott did reach out to SRP via Skype before the SRP representative traveled to the Bahamas. See Bullion, 895 F.2d at 217. However, even so, that phone call is insufficient to establish personal jurisdiction over Abbott.

"'[M]inimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 285 (2014). "An exchange of communications in the course of developing and carrying out a contract also does not, by itself, constitute the required purposeful availment of the benefits and protections of [the forum state's] law." Renoir v. Hantman's Assocs., Inc., 230 F. App'x 357, 360 (5th Cir. 2007) (citing Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 778 (5th Cir.1986)). "Otherwise, jurisdiction could be exercised based only on the fortuity that one of the parties happens to reside in the forum state." Id. (citing Holt Oil & Gas Corp., 801 F.2d at 778).

In Trois, the Fifth Circuit considered whether the district court had specific jurisdiction over a Kentucky citizen defendant for a contract-based claim. 882 F.3d 485. The defendant deliberately reached out via a phone call to the plaintiff, who was physically present in Texas. See id. at 487-88. Based on the phone conversations "the parties came to a preliminary agreement" and the plaintiff traveled from Texas to Ohio. Id. at 488. In Ohio, the parties "resumed negotiations and entered into a contract," the full performance of which would occur in Ohio. Id.

The Fifth Circuit found that the phone calls defendant made to the Texas plaintiff to engage in preliminary negotiations, and which caused the Texas plaintiff to travel to Ohio, were insufficient to confer specific jurisdiction over the plaintiff. See id. at 489. The court explained:

> The only alleged Texas contacts related to contract formation or breach are Schnaidt's conference calls negotiating the agreement while Trois was in Texas. But, standing alone, that is insufficient purposeful availment to establish jurisdiction over this breach-of-contract claim. . . . This claim, centered solely on a contract that the defendants executed and performed in Ohio, is not properly heard in a Texas court. The district court correctly determined that it does not have personal jurisdiction over the defendants regarding the breach-of-contract claim.

Id.

Trois is analogous to the instant case. According to SRP's version of the facts, Abbott reached out via Skype to an SRP representative who was physically present in Louisiana, who thereafter traveled to the Bahamas based on their preliminary agreement. See Record Document 42-2 at 65-66. In the Bahamas, the parties finalized and signed the Contract. See id. at 156-57. Even assuming that Abbott reached out to SRP, that call is insufficient to establish specific personal jurisdiction. See Renoir, 230 F. App'x at 359

8

(finding that even where out-of-state defendant was "negotiating and contracting via phone, email, and mail" with Texas plaintiff, and defendant visited Texas to address a potential issue that arose under the contract, those communications were insufficient to establish personal jurisdiction over the defendant in Texas).

### ii. Partial Performance in Louisiana

SRP next argues that Abbott knew or should have known that the Contract had to be partially performed in Louisiana. SRP's Amended Complaint alleges that Abbott knew or should have known that the "logistics, preparation, and reporting for the moisture mapping and the protocol development . . . were performed exclusively at SRP's offices in Shreveport, Louisiana." Record Document 47 at ¶ 22.

"The place of performance is a 'weighty consideration,' even though it is not 'automatically determinative' of personal jurisdiction." Lansing Trade Grp., LLC v. 3B Biofuels GmbH & Co., KG, 612 F. Supp. 2d 813, 822 (S.D. Tex. 2009) (citing Electrosource, Inc. v. Horizon Battery Techs., Ltd., 176 F.3d 867, 874 (5th Cir. 1999)). However, "[a] plaintiff's unilateral decision to perform its part of the contract in the forum state diminishes this factor's weight." Id. (citing Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc., 963 F.2d 90, 94 (5th Cir. 1992)).

Although the Court is to take SRP's uncontroverted facts as true for the purposes of a Rule 12(b)(2) motion, it need not accept as true any conclusory allegations. See Panda Brandywine Corp., 253 F.3d at 869 ("[T]he prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted."). SRP's allegation that Abbott knew or should have known that SRP would perform clerical work under the Contract in Louisiana is conclusory.

SRP argues that its invoices put Abbott on notice of this fact because the invoices identify the rates and hours of SRP employees who performed clerical work under the Contract. See Record Document 55 at 16. Each invoice entry reads "Services: Industrial Hygiene Services: Bahamas." See Record Documents 1-2 & 1-3. It then lists the type of work (e.g., "Clerical" or "Moisture Mapping Technician"), a brief description of that work (e.g., "Receive field data from Technicians, produced finished products to; (1) Maps with data points for daily readings, (2) Readings datasheet"), the employee's name, amount of time, rate, and total amount due. See id. Nowhere do the invoices specify or suggest that the clerical work would be performed in Louisiana. The only reference to Louisiana is the invoice's listing of SRP's address, which appears at the top of the invoice and at the bottom of each page. See id. SRP points to no other facts that suggest that Abbott knew or should have known that the Contract would be partially performed in Louisiana.[5]

---

[5] In its opposition to Cove House's motion, SRP states that the invoices contain line items for per diem meals per day per person, which was only applicable to employees in the Bahamas, not in Louisiana. See Record Document 59 at 14. However, SRP fails to explain the significance of this information. It is unclear whether SRP is suggesting that Cove House should have known that some employees were not working in the Bahamas because there were no line items providing meals for certain employees—particularly because SRP proceeds to suggest that the employees located in Louisiana were entitled to per diem payments under the Contract. See id. (explaining that the employees located in Shreveport, Louisiana "never received per diem despite performing work under the Contract").

Also in its opposition to Cove House's motion, SRP suggests that Cove House knew or should have known substantial clerical work would be completed in Louisiana because it hired SRP to do moisture mapping, and it would not have made business sense for that moisture mapping to occur in the Bahamas. See id. at 15. However, SRP mistakes its own knowledge of where these events would take place for what Abbott (or Cove House through Abbott) knew or should have known.

The Contract does not specify that work will be performed in Louisiana. The Contract lists the jobsite as Cove House's location in the Bahamas. See Record Document 1-1.

Without any evidence that Abbott knew or should have known that the Contract was to be partially performed in Louisiana, Abbott can only be said to have formed a relationship with SRP—not Louisiana. See Trois, 882 F.3d at 489 n.2 (finding that defendant's partial performance in the state was "insufficient to establish jurisdiction" because it focused on the plaintiff's in-state activities, rather than the defendant's).

### iii. Choice-of-Law Provision

Finally, SRP argues that this Court has specific jurisdiction over Abbott based on the Contract's choice-of-law provision. See Record Document 55 at 15-16. The choice-of-law provision provides that the "Agreement will be governed by and construed by and in accordance with the law of the State of Louisiana."[6] Record Document 1-1.

"[A] choice-of-law provision should neither be ignored nor considered sufficient alone to confer jurisdiction." Renoir v. Hantman's Assocs., Inc., 230 F. App'x 357, 360 (5th Cir. 2007) (alteration in original) (quoting Electrosource, Inc., 176 F.3d at 873); Sayers Construction, L.L.C., 976 F.3d at 574 ("While [choice-of-law] clauses can be probative of purposeful availment, they're never dispositive."). Courts should consider a choice-of-law

---

[6] The Contract also provides that "[a]ny dispute . . . regarding th[e] agreement will be settled under the commercial rules of the American Arbitration Association by mediation which shall take place in Shreveport, LA." Record Document 1-1. SRP argues that this provision, in addition to the choice-of-law provision, put Abbott on notice that she could be haled into a Louisiana Court. See Record Document 55 at 15-16. However, this provision discusses a potential forum for arbitration—a dispute resolution mechanism that SRP did not invoke in this instant dispute—and makes no mention of potential litigation. SRP does not attempt to argue that this clause was intended to be a forum selection clause.

provision alongside other alleged contacts with the forum state. See Addison Ins. Mktg., Inc. v. Evans, No. 02-CV-0994, 2002 WL 31059806, at *6 (N.D. Tex. Sept. 12, 2002).

Here, the choice-of-law provision is insufficient alone for the Court to exercise personal jurisdiction over Abbott. It is also insufficient considered alongside Abbott's other contacts with Louisiana—that is, one Skype call to an SRP representative and SRP's performance of clerical work in Louisiana, which there are no facts to suggest Abbott knew. See Stuart, 772 F.2d at 1196 (finding that mere existence of a choice-of-law provision, standing alone or when considered alongside other alleged contacts, was insufficient to confer personal jurisdiction over the defendant); see also Addison Ins. Mktg., Inc., 2002 WL 31059806, at *6.

Therefore, Abbott had insufficient minimum contacts with Louisiana for this Court to exercise jurisdiction over her in this matter. Abbott's motion [Record Document 53] is **GRANTED**, and SRP's claims against Abbott are **DISMISSED WITHOUT PREJUDICE**.

### B. Personal Jurisdiction Over Cove House

In its Motion to Dismiss, Cove House also argues that there is no specific jurisdiction over it for the purposes of SRP's contract claims.[7] See Record Document 56. Because SRP argues that Cove House has minimum contacts of Louisiana through the actions of its representative, Abbott, Cove House's arguments largely reproduce those made in Abbott's Motion to Dismiss. See id. SRP opposes Cove House's motion, making largely the same arguments as those made in its opposition to Abbott's motion. See Record Document 59. Namely, that Cove House (through Abbott) reached out to SRP in Louisiana through a Skype call, that significant clerical work was performed in Louisiana,

---

[7] SRP does not contend that the Court has general jurisdiction over Cove House.

and that Cove House could have expected being haled into Court in Louisiana based on the Contract's choice-of-law provision. See id.

The only factors that SRP points to that establish minimum contacts between Cove House and Louisiana are Abbott's alleged contacts on behalf of Cove House. Thus, for the same reason as articulated *supra*, SRP has failed to make a prima facie showing that Cove House has minimum contacts with Louisiana such that this Court can exercise personal jurisdiction over Cove House in this matter.

Therefore, Cove House's motion [Record Document 56] is **GRANTED**, and SRP's claims against Cove House are **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that Abbott's motion (Record Document 53) shall be **GRANTED**. All of SRP's claims against Abbott shall be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Cove House's motion (Record Document 56) shall be **GRANTED**. All of SRP's claims against Cove House shall be **DISMISSED WITHOUT PREJUDICE**.

A judgment consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of April, 2025.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT